# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD G. HARDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV870 SPM |
| | ) |
| MURRAY LAW FIRM, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted.

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

Plaintiff retained the Murray Law Firm (the "Firm") to sue Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc., (collectively "Medtronic") for damages allegedly caused by a defective infused bone graft. Plaintiff complains that attorneys at the Firm did not return his calls or give him regular status updates on the case. He also complains that the Firm turned his case into a class action lawsuit without his permission. Plaintiff says the settlement reached with Medtronic did not adequately redress his injuries. He believes that the Firm, its attorneys, and its

paralegals violated his rights under the Equal Protection Clause because his injuries were greater than those of the other class members.

To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts which form the basis of the complaint. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and [a] state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). Defendants are not governmental officials and, therefore, did not act under color of law. Plaintiff has not made any allegations that defendants conspired with a governmental official to violate his constitutional rights. As a result, plaintiff's allegations are legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of June, 2015.

                                                                    *Audrey G. Fleissig*
                                                                    AUDREY G. FLEISSIG
                                                                    UNITED STATES DISTRICT JUDGE